# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2243

_____

Norman Fields; Marjorie Fields,          *
                                         *
          Plaintiffs/Appellants,         *
                                         *
     v.                                  *
                                         *
City of St. Robert, Missouri; George     *
Lauritson; Robert Sielky; Tyce S.        *   Appeal from the United States
Smith; Richard H. Palmer; Jeff           *   District Court for the Eastern
Medows; Robert Marshall; John Oke-       *   District of Missouri.
Thomas; John Morrissey; John A.          *
Behl; Thomas Julian; Jack Fincher;       *   [UNPUBLISHED]
John Doe, #1; John Doe, #2; John Doe,    *
#3; John Doe, #4,                        *
                                         *
          Defendants/Appellees.          *

_____

Submitted: January 12, 2004

Filed:  March 4, 2004

_____

Before BYE, LAY, and SMITH, Circuit Judges.

_____

PER CURIAM

Norman and Marjorie Fields appeal the district court's[1] grant of summary judgment dismissing their 42 U.S.C. § 1983 claim arising out of the City of St. Robert's (the City) decision to condemn and demolish the Village Inn Motel. We affirm.

In 1985, Norman Fields designed and built the 60-room Village Inn Motel near St. Robert, Missouri (Building I). In 1987, Fields designed and built a second building (Building II) at the Village Inn site with seventy-two additional motel rooms, apartments and commercial office space. On June 14, 1999, Building I was damaged in a fire. The City's Building Code Official, Robert Sielky, inspected the fire damage and in the course of his investigation observed or received information regarding unsafe conditions in Buildings I & II. Based upon his inspection, Sielky condemned Buildings I & II citing imminent danger to human life and public welfare. The condemnation order was appealed to the City's Board of Appeals, and following a series of public meetings the City issued a final order directing the buildings to be demolished.

Thereafter, the Fieldses filed a § 1983 action against the City alleging violations of the First, Fourth, and Fifth Amendments, as well as the Equal Protection and Privileges and Immunities Clauses of the Fourteenth Amendment, each of the U.S. Constitution. The Fieldses also alleged violations of 42 U.S.C. § 1985 and state civil conspiracy laws. Finally, the Fieldses sought a declaratory judgment and injunctive relief. The City moved for and was granted summary judgment on all claims.[2] On appeal, the Fieldses argue the district court erred in summarily dismissing their Fourth Amendment claim and their procedural and substantive due

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

[2]The Fieldses abandoned their Fourteenth Amendment and § 1985 claims at the summary judgment proceedings.

process claims under the Fifth Amendment.   The Fieldses also contend the district court erred by denying their motion to file an amended complaint.

We review de novo the district court's grant of summary judgment, applying the same standards as the district court.  <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1237 (8th Cir. 1997).  We will affirm the grant of summary judgment if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When considering the facts, and the inferences to be drawn from them, we do so in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  We conclude the district court properly granted summary judgment and because an extended discussion would add nothing to the well-reasoned order of the district court, we affirm by virtue of 8th Cir. R. 47B.

_____